**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **TEXOMA COWBOY CHURCH, INC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:26-CV-00062-O** |
| | § | |
| **CHURCH MUTUAL INSURANCE COMPANY, S.I.** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**OPINION AND ORDER**

Before the Court are Defendant Church Mutual Insurance Company, S.I.'s ("Defendant") Motion to Dismiss and Brief in Support (ECF Nos. 4–5), filed on June 8, 2026; Plaintiff Texoma Cowboy Church, Inc.'s ("Plaintiff") Response (ECF No. 10), filed on June 29, 2026; and Defendant's Reply (ECF No. 12), filed on July 6, 2026. Having considered the Motion, briefing, and applicable law the Court finds that the Motion should be, and is hereby, **GRANTED**.

## I. BACKGROUND[1]

This case stems from an insurance dispute between Plaintiff Texoma Cowboy Church, Inc. and Defendant Church Mutual Insurance Company, S.I. From May 28, 2024, to May 28, 2025, Defendant insured Plaintiff's property located at 919 US Hwy 281, Wichita Falls, Texas 76310 (the "Property") with a deductible of $309,250.50 for windstorm and/or hail coverage. On or about April 5, 2025, a hail and windstorm purportedly damaged the Property. Plaintiff then filed an insurance claim for the loss suffered.

[1] Unless otherwise noted, the Court's recitation of the facts is taken from Plaintiff's Original Petition, ECF No. 1-2.

Plaintiff retained Fred Lupfer of Advanced Public Insurance Adjuster's, LLC as its adjuster who coordinated with Defendant's adjuster to conduct various inspections of the claim. Additionally, on August 12, 2025, Defendant engaged ProNet Group, Inc. to conduct an inspection of the Property and to prepare a report on the extent and nature of the damage. ProNet Group, Inc. confirmed that hail impacted the Property on April 5, 2025, causing dents and panel separations on the roofing surface, but that the water intrusion and accompanying interior damage predated the April 5 storm. After conducting its inspections, Defendant engaged a third-party contractor to prepare a bid for Plaintiff's claim. Then, on December 16, 2025, Defendant sent an estimate to Plaintiff totaling $1,007,175.36 in replacement cost value. After removing the deductible and deprecation, Defendant issued a check of $626,607.67.

Although Defendant inspected the Property and prepared its bid accordingly, Plaintiff alleged that the estimate and payment ignored the full scope of damages identified by Mr. Lupfer and ProNet Group, Inc., therefore undervaluing Plaintiff's claim. Accordingly, Plaintiff sent Defendant a demand for payment of the amounts due under the terms of the insurance policy as well as a pre-suit notice pursuant to Tex. Ins. Code § 542A.

Plaintiff filed suit against Defendant in the 97th District Court, Archer County, Texas on April 27, 2026, which Defendant timely removed to this Court. Plaintiff's Original Petition brings eight causes of action against Defendant: (1) anticipatory breach of contract and breach of contract; (2) breach of the duty of good faith and fair dealing; (3) deceptive trade practices and unconscionable conduct – knowledge and intent; (4) violations and noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act"; (5) unfair insurance practices; (6) negligent misrepresentation; (7) fraud; and (8) conspiracy. Defendant moves to dismiss four

claims for failure to state a claim under Rule 12(b)(6): (1) fraud; (2) negligent misrepresentation; (3) gross negligence; and (4) conspiracy. This Motion is now ripe for this Court's review.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court need not accept legal conclusions

as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* at 679.

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted). A court may also consider documents that a defendant attaches to a motion to dismiss if the plaintiff refers to them in the complaint and they are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

In cases involving misrepresentation or fraud under the Texas Insurance Code, plaintiffs "must meet the 'who, what, when, where, and how' requirements of Federal Rule of Civil Procedure 9(b)." *Martin Res. Mgmt. Corp. v. Fed. Ins. Co.*, No. 20-40571, 2021 WL 4269565, at *5 (5th Cir. Sept. 20, 2021) (per curiam); *see also Williams v. WMX Tech., Inc.*, 112 F.3d 175, 178–79 (5th Cir. 1997). When a plaintiff's claims are intertwined with its claims based on misrepresentation, Rule 9(b) applies. *See Carroll v. State Farm Mut. Auto. Ins. Co.*, No. 4:18-CV-458-A, 2018 WL 4100939, at *2 (N.D. Tex. Aug. 28, 2018). Thus, plaintiffs bear the Federal Rule's heightened standard when pleading negligent misrepresentation or fraud.

## III. ANALYSIS

### A. Fraud and Negligent Misrepresentation

Plaintiff fails to meet the heightened pleading standard for both its fraud and negligent misrepresentation claims as required by Federal Rule of Civil Procedure 9(b). The Fifth Circuit imposes Rule 9(b)'s standard on both fraud and negligent misrepresentation claims when the

claims are based on the same set of alleged facts. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003). Plaintiff, however, attempts to argue that under Texas law, its negligent misrepresentation claim is not subject to Rule 9(b)'s standard.[2] Plaintiff also asserts that its fraud and negligent misrepresentation claims are based on separate facts, so only its fraud claim is subject to the heightened standard.[3] The Court disagrees. Both claims arise from the same underlying factual allegations in the Petition,[4] and so Rule 9(b)'s standard applies to both claims. Therefore, the Court considers the pleadings of those claims in tandem.

Because Rule 9(b) requires Plaintiff to "state with particularity the circumstances constituting fraud or mistake," a party must do more than offer mere conclusory allegations. FED. R. CIV. P. 9(b). Plaintiff's Petition does just that—it offers bare assertions, without any detailed factual support to establish its fraud or negligent misrepresentation claims. For example, under its fraud claim, Plaintiff states that "Defendant individually and/or through its agent(s) committed fraud" and that the statements made were materially false and made with knowledge of their falsity.[5] But, Plaintiff does not establish with particularity *who* made a fraudulent claim and also fails to establish *what* the fraudulent conduct was. *WMX Techs., Inc.*, 112 F.3d at 177–79 (pleading fraud with particularity requires a plaintiff to specify the "time, place and contents of the false representations, as well as the identity of the person making the misrepresentations and what [that person] obtained thereby" (alteration in original)).

Additionally, nowhere in Plaintiff's Petition does Plaintiff allege that Defendant made any fraudulent statements or material representations. The Petition merely establishes that Defendant offered an estimate to Plaintiff and made a payment of $626,607.67 for Plaintiff's claim. Plaintiff

---

[2] Pl.'s Resp. Def.'s Mot. Dismiss 5, ECF No. 10.
[3] *Id.* at 3, 6–7.
[4] Pl.'s Pet. 4–9.
[5] *Id.* at 15.

asserts that because the estimate excluded labor, mark ups, and equipment, Defendant knowingly defrauded Plaintiff.[6] Yet, this factual allegation alone does not support Plaintiff's claims for fraud because under Texas law, "an expression of opinion about monetary value is not a representation of fact which gives rise to an action for fraud." *Transp. Ins. Co. v. Faircloth*, 898 S.W.2d 269, 276 (Tex. 1995); *see also Bykowicz v. Pulte Home Corp.*, 950 F.2d 1046, 1052 (5th Cir. 1992) (defining an estimate as "an opinion or judgment of the nature, character, or quality of a person or thing"). Here, Defendant's estimate did not misrepresent a material fact but rather expressed an opinion as to the value of Plaintiff's claim. Defendant gave Plaintiff an estimate based on its adjuster's and third-party contractor's professional judgments.[7] Further, even *if* the estimate excluded relevant costs, Plaintiff's fraud claim still fails because Plaintiff did not state with particularity whether Defendant knew of the misrepresentation.

Plaintiff's Petition offers no facts to sustain a claim for negligent misrepresentation—or fraud—because Plaintiff has not pointed to any particular person, time, place, or event in its Petition. *See generally AHBP LLC v. Lynd Co.*, 649 F. Supp. 3d 371, 389 (W.D. Tex. 2023) (quoting *Hidden Values, Inc. v. Wade*, No. 3:11-CV-1917-L, 2012 WL 1836087, at *4 (N.D. Tex. May 18, 2012)) (broadly referring to a group of people, "without distinguishing which entity or persons committed the various alleged fraudulent conduct," is generally insufficient). On the contrary, Plaintiff makes a broad assertion that "Defendant made the representation(s)/assurances with the intent that [Plaintiff] act on it, which it did to its detriment by purchasing and keeping the Defendant's Policy."[8] Because Plaintiff has not met these critical elements, its fraud claim cannot be maintained.

---

[6] *Id.* at 4.
[7] *Id.*
[8] *Id.* at 15.

Plaintiff's claim for negligent misrepresentation fares no better. Like its claim for fraud, Plaintiff must establish in its Petition the who, what, when, where, why, and how of the negligent misrepresentation alleged. *Martin Res. Mgmt. Corp.*, 2021 WL 4269565, at *5. Yet here, Plaintiff's Petition omits the person who made any alleged misrepresentation, rather Plaintiff simply states: "Defendant, individually and/or through its agents."[9] Next, Plaintiff omits any mention of specific misrepresentation by stating that Defendant "made the representations" upon which Plaintiff relied.[10] Here, Plaintiff's lack of specificity as to the misrepresentation—and when the misrepresentation was made and by whom—is insufficient to meet Rule 9(b)'s pleading standard.

Further, the economic loss rule precludes Plaintiff's fraud and negligent misrepresentation claims. "Under Texas law, the independent injury rule—also referred to as the economic loss rule—precludes recovery in tort when the loss complained of is the subject matter of a contract between the parties." *Ibe v. Jones*, 836 F.3d 516, 526 (5th Cir. 2016). Here, Plaintiff's Petition reveals that Defendant's conduct does not "give rise to liability independent of the fact that a contract exists between the parties." *Id.* (quoting *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991)). On the contrary, Plaintiff's claims sound in contract because Defendant's alleged conduct gives rise to liability only insofar as it constitutes a breach of the parties' agreement. *Id.* Under the economic loss rule, Plaintiff cannot bring claims sounding in tort because any causes of action under these facts may only give rise to liability under the contract. Therefore, Plaintiff's claims for fraud and negligent misrepresentation are **DISMISSED with prejudice**.

---

[9] *Id.* at 14.
[10] *Id.*

### B. Gross Negligence Under the Texas Civil Practice & Remedies Code § 41.001(11)

Under Texas law, a Plaintiff must plausibly establish two elements to successfully plead gross negligence: (1) an act or omission that, "when viewed objectively from the standpoint of the actor at the time of its occurrence, involves an extreme degree of risk," and (2) the actor had "actual, subjective awareness of the risk involved, but nevertheless proceed[ed] with conscious indifference to the rights, safety, or welfare of others." TEX. CIV. PRAC. & REM. CODE § 41.001(11). Here, Plaintiff has not carried its burden.

The first element requires a showing of an "extreme degree of risk." *Id.* Typically, Texas courts have construed this language to include "death, grievous physical injury, or financial ruin[,]" and not a mere insurance reimbursement dispute. *Bluebonnet Sav. Bank, F.S.B. v. Grayridge Apartment Homes, Inc.*, 907 S.W.2d 904, 911 (Tex. App.—Houston [1st Dist.] 1995, writ denied). Because the Petition fails to plausibly establish an act by Defendant that involves "extreme risk, Plaintiff cannot meet the first element. Additionally, the Petition makes no mention of specific facts to support the second element. The second element requires a subjective understanding and awareness of such extreme risk, and here, Plaintiff's Petition provides no articulable facts to reveal a subjective awareness on Defendant's part. Because Plaintiff cannot meet its burden, its gross negligence claim is **DISSMISSED with prejudice**.

### C. Conspiracy

Finally, Plaintiff's conspiracy claims fail to state a claim against Defendant because the Petition does not satisfy Rule 9(b)'s particularity requirement. To successfully plead a conspiracy claim, Plaintiff must meet five elements: (1) the defendant was a member of a combination of two or more persons; (2) the object of the combination was to accomplish a) an unlawful purpose or b) a lawful purpose by unlawful means; (3) the members had a meeting of the minds on the object or

course of action; (4) one of the members committed an unlawful overt act to further the object or course of action; and (5) the plaintiff suffered injury as a proximate result of the wrongful act. *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005).

Turning to the Petition, Plaintiff lacks specific, detailed facts to establish any of the elements required by a claim of conspiracy. Plaintiff simply states that "Defendant is a member of a combination of two or more persons" and that Defendant reached a meeting of the minds to "mislead[] Plaintiff as to its actual Policy."[11] Plaintiff alleges that it relied on Defendant's representations and was, therefore, injured.[12] Here, Plaintiff merely recites the elements of conspiracy without alleging particular facts to support them, falling short of both the elements of conspiracy and Rule 9(b)'s heightened pleading standard.

Further, a claim for conspiracy collapses when the underlying claim for the conspiracy fails. *Allstate Ins. Co. v. Receivable Fin. Co.*, 501 F.3d 398, 414 (5th Cir. 2007) (because defendant-appellants could not be held liable for fraud, the defendants-appellants could not be held liable for conspiracy to commit fraud); *see also Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex.1996) ("[A] defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable."). In this instance, because Plaintiff's claim for fraud falls, so does its conspiracy claim. Accordingly, Plaintiff's conspiracy claim is **DISSMISSED with prejudice**.

## IV. CONCLUSION

For the forgoing reasons it is **ORDERED** that Plaintiff's claims of (1) fraud, (2) negligent misrepresentation, (3) gross negligence, and (4) conspiracy against Defendant are **DISMISSED**

[11] *Id.* at 15.
[12] *Id.*

**with prejudice** because Plaintiff failed to plead such claims as required by the Federal Rules of Civil Procedure. Defendant's Motion to Dismiss is **GRANTED**.

**SO ORDERED** on this **21st day** of **October, 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE